IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| Plaintiff | : | Civil Action 2:11-cv-0130 |
| v. | : | Judge Sargus |
| Thirty-six (36) 300CC on road scooters, Model WF300-SP, (D One), *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants | : | |

# Order

Claimant Snyder Computer Systems, Inc., dba Wildfire Motors ("Wildfire") is the claimant to internal combustion engines and other merchandise manufactured in China that were seized by U.S. Customs. This matter is before the Magistrate Judge on claimant's August 31, 2013 motion to compel (doc. 38) and plaintiff's September 19, 2013 motion for a protective order (doc. 40).

<u>Motion to compel</u>. Arguing that the Court's September 27, 2012 Opinion and Order (doc. 29) denying its motion for summary judgment on the due process issues pleaded in its answer (doc. 9) does not preclude it from conducting discovery on due process claims not raised in the briefing of the motion for summary judgment, claimant seeks broad discovery about how Customs, U.S. EPA, and the DOT acted in connection with the seizures at issue and the ensuing administrative proceedings. Wildfire seeks to conduct discovery on the following issues: (1) due process issues not addressed in its motion for summary judgment; (2) other procedural defects in the institution of the forfeiture action;

and (3) the appropriateness of forfeiture as a remedy. The motion to compel argues that claimant has an "urgent need" for procedural manuals and policies of Customs and U.S. EPA and documents about "the treatment of manufacturers of similar goods with respect to the specific alleged violations in this case." Doc. 38, PageID 309.

<u>Motion for protective order</u>. The government seeks a protective order prohibiting the depositions of David Alexander, an attorney-advisor assigned to the U.S. EPA's Air Enforcement Division; Tessie Douglas, a Customs employee claimant wants to bring the agency's "Seized Asset Management and Enforcement Procedures Handbook for 2009/2010" to her deposition; and Stuart Seigel, U.S. DOT, who was recently involved in another, unrelated seizure. The government also seeks an order prohibiting claimant from questioning Anne Wiuck and Mario Jorquera, employees of U.S. EPA, about any issues not related to the compliance of the defendant merchandise to the Clean Air Act and/or inspections of the merchandise.

<u>September 27, 2012 Opinion and Order</u>. After rejecting Wildfire's due process challenges to the seizures, the Court held: "[T]he sole issue for determination in the forfeiture action is the Claimant's ability to establish that the defendant merchandise is compliant with the various regulations." September 27, 2012 Opinion and Order , p. 11, Doc. 29, PageID 278.

<u>Analysis and ruling</u>. Claimant's answer pleads that Wildfire was denied due process:

> . . . including but not limited to, the failure to provide statutory and regulatory detention notices; providing invalid and defective notices; unreasonably delaying various agency actions that include without

>limitation delays in the bringing of the forfeiture actions; being subjected to regulations that exceed constitutionally delegated authority; and arbitrary and unreasonable interpretation, administration, and enforcement of regulatory provisions by administrative agencies.

March 31, 2013 Answer, ¶ 21, Doc. 9, PageID 128. Claimant had the opportunity to and did raise these due process issues in its motion for summary judgment. The Court's September 27, 2012 Opinion and Order precludes Wildfire from re-litigating those issues now. As the decision states, the issue now before the Court is whether the defendant merchandise complied with the regulations governing their importation. Discovery is limited to that subject matter.

Accordingly, claimant's August 31, 2013 motion to compel (doc. 38) is DENIED; and plaintiff's September 19, 2013 motion for a protective order (doc. 40) is GRANTED.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

                                                                       s/Mark R. Abel
                                                                       United States Magistrate Judge