UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

THIRTY-SIX (36) 300CC ON ROAD SCOOTERS
MODEL WF300-SP, et al.,

        Defendants.

CASE NO. 2:11-CV-130
JUDGE EDMUND AL. SARGUS, JR.
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court on the Claimant's Motion for Reconsideration of Magistrate's Order on the Claimant's Motion to Compel Discovery and the United States Motion for a Protective Order ("Claimant's Objection"). (ECF No. 43.)  For the reasons that follow, the Court **OVERRULES** Claimant's Objection.

### I.

The Claimant Snyder Computer Systems, Inc., dba Wildfire Motors is in the business of, among other things, designing, importing, and selling diverse merchandise, some of which include internal combustion engines. *Id.*  A substantial part of the Claimant's products are designed by Wildfire Motors, manufactured to order in China, and imported into the United States. *Id.*  The Claimant is the owner of each of the defendant road scooters in this action ("defendant merchandise"), which were seized by the United States Customs and Border Protection ("CBP").

Administrative forfeiture actions against the defendant merchandise were initiated

between September 21, 2009 and September 28, 2009.  (Decl. of Tessie Douglass[1] ¶¶ 11; Doc.
No. 2 at 45.)  On October 19, 2009, the Claimant submitted a cost bond to stay the administrative
forfeiture.  *Id.* ¶ 12.  The defendant merchandise was then referred to the United States
Attorney's office by CBP's Office of General Counsel on April 13, 2010 to be evaluated for a
civil forfeiture action.  *Id.* ¶15.

On February 22, 2010, the Claimant filed suit in this Court [2] (Case No. 2:10-cv-161)
naming the Secretaries of the Department of Transportation and Homeland Security, seeking
declaratory and injunctive relief which would have the effect of releasing the defendant
merchandise.  (Doc. No. 1; 2:10-cv-161.)  On March 16, 2010, the Claimant filed the First
Amended Complaint and added the Administrator of the Environmental Protection Agency
("EPA") as a party defendant.  (Doc. 15; 2:10-cv-161.)  In addition to naming the Administrator
of the EPA as a defendant, the First Amended Complaint specifically sought return of most of the
defendant merchandise.  In the First Claim of the First Amended Complaint, it was alleged that
the Claimant's due process rights had been violated by the agencies' failure to "act within a
reasonable time with respect to the detention and seizure of property."  *Id.* ¶16.

On August 10, 2010, this Court dismissed the first seven claims of the First Amended
Complaint, leaving only the equitable claim seeking the filing of a civil forfeiture action.  (Doc.

---

[1]Ms. Douglass is the Fines, Penalties, and Forfeitures Officer of the Fines, Penalties and
Forfeitures Office of CBP in Cleveland, Ohio.  (Douglass Decl. ¶ 1.)

[2]In addition to the actions filed against the agencies, claimant also filed three separate
personal liability cases, pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971),
against two EPA lawyers and a CBP inspector.  All of those cases were subsequently voluntarily
dismissed by the Claimant.  *Snyder Computer vs. Meetu Kaul*, 2:10-cv-1076, S.D. Ohio, filed
November 30, 2010; *Snyder Computer vs. David Alexander*, 2:11-cv-0332, S.D. Ohio, filed April
19, 2011; *Snyder Computer v. Meetu Kaul*, 2:11-cv-0611, W.D. Pa., filed May 6, 2011.

2

42; 2:10-cv-161.) The Court denied the due process claim, concluding that the Claimant's property interest in the seized merchandise would be protected in a forfeiture hearing. *Id.* at 9-10.

On February 11, 2011, the government initiated the instant action by filing a Verified Complaint for Forfeiture. (Doc. No. 2.) The substantive National Highway Transportation Safety Administration ("NHTSA") and/or the EPA violations are detailed in the declarations of Stuart Siegel of NHSTA and Anne Wick of the EPA which outline how the defendant merchandise fails to comply with NHSTA and/or EPA regulations. The Complaint requests that the merchandise be forfeited to the United States. *Id.*

On February 17, 2011, Magistrate Judge Terence P. Kemp found that there was probable cause to believe that the defendant property violated the Clean Air Act and the National Traffic and Motor Vehicle Safety Act of 1966, as amended. (Doc. 4, Warrant of Arrest *In Rem.*)

On August 11, 2011, six months after the initiation of the instant forfeiture action, the Claimant filed its Second Amended Complaint in Case Number 1:10-cv-161. (Doc. 66; 2:10-cv-161.) In the Second Amended Complaint, claimant re-cast its earlier arguments that had been dismissed in part on August 10, 2010 (Doc. No. 42; 2:10-cv-161), and requested additional relief beyond initiation of a forfeiture action as originally requested. On November 9, 2011, this Court dismissed as moot the entire case. (Doc. No. 75, 2:10-cv-161.)

On November 14, 2011, the Claimant filed its Motion for Summary Judgment in the instant action. (Doc. No. 12.) Once that motion was fully briefed, the Court issued its Opinion and Order denying Claimant's Motion. (Doc. No. 29.)

The parties have since engaged in discovery, which prompted the Claimant to file a

3

Motion to Compel Discovery (Doc. No. 38) and for the United States to file a Motion for a Protective Order (Doc. No. 40). Magistrate Judge Abel denied Claimant's Motion to Compel and granted the government's Motion for a Protective Order in an Opinion and Order dated September 30, 2013. (Doc. No. 41.) Claimant has filed its Objection to the Magistrate Judge's Decision (Doc. No. 43), which is ripe for review (Doc. Nos. 44, 50).

## II.

This Court reviews an objection to a magistrate's judge's decision on a nondispositive motion under 28 U.S.C. § 636(b)(1)(A). Under that statute, the district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. *See id.*; Fed. R. Civ. P. 72(a); *Vogel v. U.S. Office Prod. Co.*, 258 F.3d 509, 515 (6th Cir. 2001).

## III.

In the Claimant's Motion to Compel, it sought an order compelling "discovery of (1) information related to procedural and due process issues that were not decided or raised in Wildfire's Motion for Summary Judgment or (2) information mitigating any failures by Claimant's merchandise to conform strictly to regulations." (Doc. No. 38.) In the United States' Motion for a Protective Order, it sought an order prohibiting the depositions of David Alexander, an attorney-advisor assigned to the EPA's Air Enforcement Division; Tessie Douglas, a CBP employee to testify about the agency's "Seized Asset Management and Enforcement Procedures Handbook for 2009/2010"; and Stuart Seigel, from the United States Department of Transportation, who was recently involved in another, unrelated seizure. The government also sought an order prohibiting claimant from questioning Anne Wiuck and Mario Jorquera,

4

employees of the EPA, about any issues not related to the compliance of the defendant

merchandise to the Clean Air Act and/or inspections of the merchandise.

In denying Claimant's Motion and granting the United States' Motion, Magistrate Judge

Abel relied upon this Court's decision rejecting Wildfire's due process challenges to the seizures

that stated: "[T]he sole issue for determination in the forfeiture action is the Claimant's ability to

establish that the defendant merchandise is compliant with the various regulations." (Doc. No.

29 at 11.)  The Magistrate Judge concluded:

> Claimant's answer pleads that Wildfire was denied due process:
>
> > . . . including but not limited to, the failure to provide statutory and
> > regulatory detention notices; providing invalid and defective notices;
> > unreasonably delaying various agency actions that include without
> > limitation delays in the bringing of the forfeiture actions; being
> > subjected to regulations that exceed constitutionally delegated
> > authority; and arbitrary and unreasonable interpretation,
> > administration, and enforcement of regulatory provisions by
> > administrative agencies.
>
> March 31, 2013 Answer, ¶ 21, Doc. 9, PageID 128.  Claimant had the opportunity to
> and did raise these due process issues in its motion for summary judgment.  The
> Court's September 27, 2012 Opinion and Order precludes Wildfire from re-litigating
> those issues now.  As the decision states, the issue now before the Court is whether
> the defendant merchandise complied with the regulations governing their
> importation. Discovery is limited to that subject matter.

(Doc. No. 41 at 3.)

This Court finds that the Magistrate Judge's decision is not clearly erroneous or contrary

to law.  The decision is consistent with the Court's ruling in denying claimant's Due Process

Motion to Dismiss.

## IV.

For the reasons set forth above, the Court **OVERRULES** the Claimant's Objection.

5

(Doc. No. 43.)

**IT IS SO ORDERED.**

_12-18-2013_
**DATE**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**

6